IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY BANKS,

        Plaintiff,                    No. CIV S-02-374 GEB KJM P

    vs.

JOSEPH A. BICK, et al.,

        Defendants.           __PRETRIAL ORDER__

_____/

        Pursuant to court order the parties have submitted pretrial statements.  Upon review of the statements and the remainder of the file, and good cause appearing therefor, this court makes the following findings and orders:

JURISDICTION/VENUE

        Jurisdiction is predicated upon 28 U.S.C. § 1331 arising under 42 U.S.C. § 1983. Venue is proper.  There is no dispute over either jurisdiction or venue.

JURY/NON-JURY

        Both parties have timely requested trial by jury.

UNDISPUTED FACTS

        1.  At the times mentioned in the complaint, plaintiff was in the lawful custody of the California Department of Corrections and Rehabilitation (CDCR) and was housed at the

1

California Medical Facility (CMF) in Vacaville, California.

2. On December 9, 2001, plaintiff went to the CMF medical clinic because he was feeling unwell.  Because it was Sunday, the clinic did not have a full medical staff working, but a doctor was on-call for emergencies.

3. Defendant Carter, a Medical Technical Assistant (MTA), and Smith, a nurse, were on duty.

4. Defendant Carter took plaintiff's blood pressure, which was low despite the fact that plaintiff suffers from high blood pressure.

5. Defendants Carter and Smith  gave plaintiff a pass to see the doctor the next morning.

6. Plaintiff went back to work, but was too ill to continue.  He returned to his housing unit because he was cold and weak and his vision was dimming.

7. Plaintiff went to the B-3 Clinic around 9:40 a.m. on December 10, 2001 and obtained a container for a urine sample after he told the MTA he was urinating blood.  Dr. Ho was present in the clinic.

8. Around 1:30 p.m. on December 10, 2001, plaintiff returned to the B-3 clinic with his urine sample, complaining of fever and chills.  MTA Collins was on duty.

9. One of Collins' tasks was to screen patients for emergency medical conditions and provide information to the on-duty physician, who would give instructions for care and treatment of the inmate; defendant Collins would relay those instructions to the inmate.

10. Defendant Ho told Collins that plaintiff's urine sample would have to be tested, so it was sent to the lab.  Defendant Ho told defendant Collins that plaintiff should return for further examination when the test results came back.   Plaintiff was given Motrin for pain.

11. Neither defendant Collins nor defendant Ho believed that plaintiff needed emergency medical care.   Defendant Ho did not examine plaintiff.

/////

12.  About ninety minutes later, when the test of the urine sample was returned to the clinic, Dr. Ho prescribed antibiotics.

13.  Before this, plaintiff returned to his housing unit, suffering from fever and chills.  A few hours later, a correctional officer took plaintiff to the prison hospital, where plaintiff lost consciousness.

14.  When plaintiff regained consciousness, he was in an outside hospital because of a kidney infection.

DISPUTED FACTUAL ISSUES

1.  On December 9, 2001, did defendant Carter tell plaintiff that his low blood pressure indicated that his system was shutting down?

2.  On December 9, 2001 did plaintiff's illness constitute a serious medical need?

3.  On December 9, 2001, was defendant Carter deliberately indifferent to plaintiff's serious medical needs in violation of plaintiff's Eighth Amendment right to be free of cruel and unusual punishment?

4.  On December 9, 2001, was defendant Smith deliberately indifferent to plaintiff's serious medical needs in violation of plaintiff's Eighth Amendment right to be free of cruel and unusual punishment?

5.  On December 10, 2001, did plaintiff's illness constitute a serious medical need?

6.  On December 10, 2001, was defendant Collins deliberately indifferent to plaintiff's serious medical needs in violation of plaintiff's Eighth Amendment right to be free of cruel and unusual punishment?

7.  On December 10, 2001, was defendant Ho deliberately indifferent to plaintiff's serious medical needs in violation of plaintiff's Eighth Amendment right to be free of cruel and unusual punishment?

/////

DISPUTED EVIDENTIARY ISSUES

The admissibility of the following evidence will be disputed at trial:

1.  Defendants object to plaintiff's use of discovery responses to support his claims.

2.  Defendants object to any testimony from plaintiff about the standard and adequacy of the medical care he received because plaintiff is not an expert.

SPECIAL FACTUAL INFORMATION

None applicable.

RELIEF SOUGHT

1.  In the complaint, plaintiff seeks compensatory damages of $2,500,000 per defendant.

2.  In addition, plaintiff seeks the costs of suit and an injunction directing defendants, their successors, agents and employees not to retaliate against him as a result of the lawsuit.

3.  Defendants seek an award of costs and reasonable attorneys' fees.

POINTS OF LAW

The parties shall brief the elements, standards and burden of proof of the claims herein presented by plaintiff under the applicable constitutional amendment, statutes and regulations.  Trial briefs shall be filed with this court no later than ten days prior to the date of trial in accordance with Local Rule 16-285.

ABANDONED ISSUES

No issues have been abandoned.

WITNESSES

Plaintiff anticipates calling himself as a witness.

Defendants anticipate calling the defendants in this action, both as percipient witnesses and expert witnesses:

A.  Sharon Smith;

B.  Yuvette Carter;

C.  Eddie Collins; and

D.  Chao Ho, M.D.

Each party may call any witnesses designated by the other.

A.      No other witness will be permitted to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the pretrial conference, or

(2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.

B.      Upon the post pretrial discovery of witnesses, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify.  The witnesses will not be permitted unless:

(1) The witnesses could not reasonably have been discovered prior to pretrial;

(2) The court and the opposing party were promptly notified upon discovery of the witnesses;

(3) If time permitted, the party proffered the witnesses for deposition; and

(4) If time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

EXHIBITS, SCHEDULES AND SUMMARIES

Plaintiff anticipates offering:

1.  Defendant Carter's response to the first set of interrogatories;

2.  Defendant Smith's response to the first set of interrogatories;

5

3.  Defendant Smith's first set of admissions;

4.  Defendant Collins' responses to the first set of interrogatories;

5.  Defendant Collins' responses to the first set of admissions;

6.  Defendant Ho's first set of admissions;

7.  Defendant Ho's responses to the first set of interrogatories;

8.  Physician's Orders from December 10, 2001 at 1340 hours;

9.  Physician's Orders from December 10, 2001 at 1400 hours;

10.  A medical lay-in slip;

11.  Physician's Progress Notes from December 10, 2001 at 2210 hours;

12.  Emergency Department Physician's Record from Vaca Valley Hospital;

13.  Laboratory Report dated December 10, 2001;

14.  The declaration of Yuvette Carter dated January 4, 2006 in support of the motion for summary judgment;

15.  The declaration of Eddie Collins dated January 2, 2006 in support of the motion for summary judgment; and

16.  The declaration of Dr. Chao Ho dated January 13, 2006 in support of the motion for summary judgment.

Defendants anticipate offering:

A.  Plaintiff's abstract of judgment; and

B.  Relevant medical records and reports.

Plaintiff has attached his exhibits to his pretrial statement; defendants will provide plaintiff with a copy of their exhibits no later than thirty days before trial.

Each party will file any objections to exhibits ten days before trial.  Each exhibit not previously objected to will be forthwith received into evidence.  Plaintiff will use numbers to mark exhibits; defendant will use letters.

/////

A.  No other exhibits will be permitted to be introduced unless:

    1.  The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated, or

    2.  The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

B.  Upon the post pretrial discovery of exhibits, the parties shall promptly inform the court and opposing party of the existence of such exhibits so that the court may consider at trial their admissibility. The exhibits will not be received unless the proffering party demonstrates:

    1.  The exhibits could not reasonably have been discovered earlier;

    2.  The court and the opposing party were promptly informed of their existence; and

    3.  The proffering party forwarded a copy of the exhibit(s) (if physically possible) to the opposing party.  If the exhibit(s) may not be copied the proffering party must show that he has made the exhibit(s) reasonably available for inspection by the opposing party.

The parties are directed to bring an original and one copy of each exhibit to trial.  The original exhibit becomes the property of the court for purposes of trial.  The copy is for bench use during trial.

DISCOVERY DOCUMENTS

As noted above, plaintiff anticipates using discovery responses as exhibits.

Defendants anticipate offering plaintiff's deposition transcript for rebuttal or impeachment purposes only.

FURTHER DISCOVERY OR MOTIONS

Discovery closed on February 23, 2003.

1    Defendants anticipate filing a motion in limine to exclude plaintiff's testifying as

2    his own expert.  Any such motion must be filed seven days prior to the trial.

3    <u>STIPULATIONS</u>

4    At this time the parties have reached no stipulations.

5    <u>AMENDMENTS/DISMISSALS</u>

6    None.

7    <u>SETTLEMENT NEGOTIATIONS</u>

8    Defendants do not believe a settlement conference would be helpful; plaintiff has

9    not addressed the matter.

10   <u>AGREED STATEMENTS</u>

11   None.

12   <u>SEPARATE TRIAL OF ISSUES</u>

13   Not applicable.

14   <u>IMPARTIAL EXPERTS/LIMITATION OF EXPERTS</u>

15   Not applicable.

16   <u>ATTORNEYS' FEES</u>

17    Defendants seek attorneys' fees.

18   <u>TRIAL CONFIRMATION HEARING</u>

19   A trial confirmation hearing by videoconferencing is set for June 27, 2008 at 1:30

20   p.m.  before the Honorable Garland E. Burrell in Courtroom Ten.

21   <u>ESTIMATED TIME OF TRIAL/TRIAL DATE</u>

22   Jury trial is set for August 20, 2008 at 9:00 a.m. in Courtroom Ten before the

23   Honorable Garland E. Burrell.  Trial is anticipated to last two days.

24   <u>PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS</u>

25   The parties are directed to Local Rule 47-162(a) and Local Rule 51-163(a) for

26   procedures and time limits regarding proposed voir dire and proposed jury instructions,

respectively.  The provisions of said local rules notwithstanding, the parties shall file proposed voir dire and proposed jury instructions, if any, not later than fourteen days before the date set for trial.

MISCELLANEOUS

Plaintiff's present custodian shall provide for plaintiff's presence at trial pursuant to the writ of habeas corpus ad testificandum to be issued.  All parties shall take any steps necessary to facilitate execution of said writ.  The parties and plaintiff's custodian are cautioned that sanctions will be imposed for failure to comply with court orders.

Counsel are directed to Local Rule 16-285 regarding the contents and the deadline for filing trial briefs.

OBJECTIONS TO PRETRIAL ORDER

Each party is granted fifteen days from the date of this order to file objections to same.  If no objections are filed, the order will become final without further order of this court.

DATED:  June 16, 2008.

_____
U.S. MAGISTRATE JUDGE